**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

**ROBERT CLARK, individually and on behalf of himself and all others similarly situated,**

**Plaintiff,**

**v.**

**JOHN M. FORMELLA, in his official capacity only as Attorney General of the State of New Hampshire,**

**Defendant.**

**Case No.: 1:25-cv-00379-PB-AJ**

**ROBERT GAYNOR, individually and on behalf of himself and all others similarly situated,**

**Plaintiff,**

**v.**

**JOHN M. FORMELLA, in his official capacity only as Attorney General of the State of New Hampshire,**

**Defendant.**

**PLAINTIFFS' UNOPPOSED MOTION TO SUPPLEMENT ROBERT CLARK'S MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL TO PERMIT JOINDER OF ROBERT GAYNOR**

Plaintiffs hereby request that this Court permit Robert Gaynor, the named plaintiff in Case No. 1:26-cv-00833-PB-AJ—a matter which was consolidated with the above-captioned *Clark v. Formella* matter on October 26, 2026—to join the pending Motion for Class Certification and

Appointment of Class Counsel filed by Mr. Clark in *Clark v. Formella*, 1:25-cv-00379-PB-AJ. *See* ECF No. 4. The State takes no position as to the relief requested in this motion.

**BACKGROUND**

On September 30, 2025, Plaintiff Robert Clark brought the above-captioned action (the "First-Filed *Clark* Action"), challenging the facial constitutionality of New Hampshire's "Loitering or Prowling" statute at N.H. Rev. Stat. Ann. § ("RSA") 644:6. The complaint in the First-Filed *Clark* Action alleges the following counts: (i) RSA 644:6 violates the Fourteenth Amendment's Due Process Clause on vagueness grounds; and (ii) RSA 644:6 violates the Fourth Amendment's prohibition against unreasonable searches and seizures. Along with his Complaint, Mr. Clark also filed a Motion for Class Certification and Appointment of Class Counsel. *See* ECF No. 4.

On October 8, 2026, Plaintiff Robert Gaynor filed Case No. 1:26-cv-00833-PB-AJ (the "Second-Filed *Gaynor* Action"), which also challenges the facial constitutionality of RSA 644:6 and brings the same two counts as the First-Filed *Clark* Action. Also on October 8, 2026, both Plaintiffs filed a Motion of Plaintiffs Robert Clark and Robert Gaynor to Consolidate Cases Into Case No. 1:25-cv-00379-PB-AJ. *See* First-Filed *Clark* Action, ECF No. 40; Second-Filed *Gaynor* Action, ECF No. 2. On October 26, 2026, this Court granted the Plaintiffs' Motion to Consolidate Cases.

As indicated in the Motions to Consolidate, Robert Gaynor now seeks to join Plaintiff Clark's Motion for Class Certification and files a declaration in support of that Motion attached herein as *Exhibit 1*.

# ARGUMENT

## I. STANDARD.

Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." It further provides that "[t]he court may order the opposing party plead to the supplemental pleading within a specified time." "As written, Rule 15(d) contains no standards at all to guide the district court's analysis; it merely authorizes the district court to permit service of a supplemental pleading 'on just terms.' In an effort to fill this vacuum and in keeping with the overarching flexibility of Rule 15, courts customarily have treated requests to supplement under Rule 15(d) liberally." *United States ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015); *see also Stow v. McGrath*, No. 17-cv-088-LM, 2018 U.S. Dist. LEXIS 53390, at *8 (D.N.H. Mar. 2, 2018) ("In considering a request to supplement a pleading under Rule 15(d), courts generally grant such requests liberally."). Further, under Federal Rule of Civil Procedure 23, the Court's class certification order may be amended at any time prior to a decision on the merits. *See* Fed. R. Civ. P. 23(c)(1)(C).

## II. SUPPLEMENTATION TO ADD ADDITIONAL CLASS REPRESENTATION IS APPROPRIATE.

The supplementation sought here simply seeks to have Plaintiff Robert Gaynor join Robert Clark's pending Motion for Class Certification and Appointment of Class Counsel as a proposed class representative. Allowing this supplementation does not prejudice Defendant's ability to respond to this supplementation. As described in greater detail below, Mr. Gaynor contends that he qualified to be a class representative and, thus, raises class certification arguments identical to those raised by Robert Clark. Especially where the Court has not yet issued an order on class

certification, supplementation of Plaintiff Robert Clark's Motion for Class Certification and Appointment of Class Counsel is appropriate here.

The current class definition pending before the Court is: "All persons against whom Defendant—including all of Defendant's officers, troopers, agents, servants, employees, attorneys, and other persons in active concert or participation with Defendant, including but not limited to every New Hampshire County Attorney, municipal prosecutor, police prosecutor, or peace officer—is enforcing, or will enforce, RSA 644:6." First-Filed *Clark* Action, ECF No. 4-1, at 2. Plaintiff Robert Gaynor is an unhoused individual living in Concord, New Hampshire. As alleged in his Complaint, and in his declaration attached here as *Exhibit 1*, he has had personal, direct, contact with New Hampshire's loitering statute. Mr. Gaynor has been threatened with the loitering statute on several occasions and arrested for loitering on two occasions. Mr. Gaynor has also alleged that he believes that "RSA 644:6 will be enforced against [him] in the future, especially where [he is] unhoused and often out-and-about in Concord in public." *Id.* at ¶10. Adding Mr. Gaynor as a class representative alongside Mr. Clark does not change any substantive arguments with respect to numerosity, typicality, commonality, or adequacy of class counsel. Mr. Gaynor asserts the exact same claim that is typical of those of the class: that RSA 644:6 is facially unconstitutional under the Fourteenth Amendment's Due Process Clause and the Fourth Amendment.

This supplementation contends that Mr. Gaynor meets the requirement of a class representative under Rule 23(a). The class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This adequacy serves to uncover any conflicts of interest between the potential class representatives and those they seek to represent. *See Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). As alleged in his declaration, Mr.

Gaynor is invested in this litigation, having brought his own lawsuit in Case No. 1:26-cv-00833. And Mr. Gaynor has conveyed a willingness and ability to protect the interests of the class. *See Exhibit 1* at ¶ 17 ("I am bringing this lawsuit because it will help others who are impacted by this law and stopped by police who do not respect people's rights. I know that, as a plaintiff in this lawsuit, I will be representing other individuals in New Hampshire who are in a situation similar to mine. I understand that this means that I will need to stay informed about what is happening in this case and that I need to think about the interests of the other class members and act on those interests."). In support of this Motion to Supplement, Mr. Gaynor submits his declaration attached as *Exhibit 1*.

The State is not prejudiced by this supplementation, especially where the Motion for Class Certification is still pending and this case is still in its infancy. Again, Defendant is able to substantively respond to Mr. Gaynor's claim that he is an adequate class representative even if supplementation is allowed here. But engaging in additional briefing is typically not cognizable prejudice. *See G.K. v. Sununu*, 21-cv-4-PB, 2024 U.S. Dist. LEXIS 133012, at *12 (D.N.H. July 29, 2024) ("The defendants only claim of prejudice is that the amendment required them to engage in additional briefing and discovery. But such briefing and discovery would have been necessary regardless of when the plaintiffs sought amendment."); *Kivett v. Flagstar Bank*, 333 F.R.D. 500, 507 (N.D. Cal. 2019) (noting that additional discovery and briefing necessitated by the addition of a new class representative did not "show prejudice to [the defendant] because these are both actions that [the defendant] would have had to take had the [newly named parties] began the action as plaintiffs"). Because Mr. Gaynor's "claims are identical to those of the initial named plaintiff[], the addition of [Mr. Gaynor] is unlikely to substantially alter the defendants' legal arguments or strategy." *G.K.*, 2024 U.S. Dist. LEXIS 133012, at *13. Indeed, as no scheduling order or deadline

had been set for the supplementation of class representatives, supplementation here would not run afoul of any scheduling order deadline.[1]

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Grant Plaintiffs' Motion to Supplement Robert Clark's Motion for Class Certification and Appointment of Class Counsel;

B. Allow Plaintiffs to supplement Robert's Clark's Motion for Class Certification and Appointment of Class Counsel, *see* ECF No. 4, by formally adding Robert Gaynor as a plaintiff seeking class representative status alongside Robert Clark; and

C. Grant such other relief as may be reasonable and just.

Respectfully submitted,

*/s/ Maria D. Savarese*
Gilles R. Bissonnette (N.H. Bar. No. 265393)
Henry R. Klementowicz (N.H. Bar No. 21177)
Maria D. Savarese (N.H. Bar. No. 273285)
AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE
Concord, NH 03301
Tel.: 603.224.5591
gilles@aclu-nh.org
henry@aclu-nh.org
maria@aclu-nh.org

Date: October 30, 2026

[1] *See* Dec. 2, 2025, Endorsed Order ("No pretrial conference will be scheduled until after resolution of the pending motion to dismiss (doc. no. 11). Given the issues raised in the motion, the court finds good cause to extend the deadline for issuing the scheduling order pursuant to Fed. R. Civ. P. 16(b) to after the rescheduled pretrial conference.").